UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDER FLOYD,<br><br>                Plaintiff(s),<br>   v.<br><br>PHOTON INFOTECH INC et al.,<br><br>                Defendant(s). | CASE NO. C24-01372-KKE<br><br>ORDER LIFTING STAY OF PROCEEDINGS |

      This matter comes before the Court on the parties' Joint Status Report and Stipulated Request to Lift Stay. Dkt. No. 30. In this case, Plaintiff Alexander Floyd sues Defendant Photon InfoTech Inc. ("Photon") on behalf of himself and others similarly situated alleging that Photon violated the pay transparency provision of the Washington Equal Pay and Opportunities Act ("EPOA"), Wash. Rev. Code 49.58.110. Floyd alleges that, when he applied for a position with Photon, the job posting "did not disclose the wage scale or salary range being offered" as required by EPOA. Dkt. No. 1-2 ¶¶ 25, 27, 36. Photon removed this case from King County Superior Court (Dkt. No. 1) and then moved to dismiss the complaint (Dkt. No. 12). Floyd moved to remand the case back to state court. Dkt. No. 14. Both motions have been fully briefed.

      On August 20, 2024, U.S. District Court Judge John H. Chun certified the following question to the Washington Supreme Court: "What must a plaintiff prove to be deemed a 'job applicant' within the meaning of RCW 49.58.110(4)? For example, must they prove that they are

ORDER LIFTING STAY OF PROCEEDINGS - 1

a 'bona fide' applicant?" *Branson v. Wash. Fine Wines & Spirits*, No. 2:24-cv-00589-JHC, 2024 U.S. Dist. LEXIS 148958, at *3 (W.D. Wash. Aug. 20, 2024). The Washington Supreme Court accepted review, and this Court stayed this case and terminated the pending motions pending the state Supreme Court's decision on the certified question. Dkt. No. 27.

On September 4, 2025, the Washington Supreme Court issued its decision. *Branson v. Wash. Fine Wine & Spirits, LLC*, No. 103394-0, 2025 Wash. LEXIS 442 (Wash. Sept. 4, 2025). The Court concluded:

> A job applicant need not prove they are a "bona fide" applicant to be deemed a "job applicant." Rather, in accordance with the plain language of RCW 49.58.110(4), a person must apply to any solicitation intended to recruit job applicants for a specific available position to be considered a "job applicant," regardless of the person's subjective intent in applying for the specific position.

*Id.* at *22–23.

The parties now jointly request that this Court lift the previously entered stay and reinstate both motions. Pursuant to the parties' stipulation, the stay of proceedings is lifted.

The Clerk is directed to reinstate Photon's motion to dismiss (Dkt. No. 12) and Floyd's motion to remand (Dkt. No. 14) and to re-note both motions for September 19, 2025. The Court acknowledges that the parties have filed a Joint Status Report (Dkt. No. 24), and acknowledges the requirements of Federal Rule of Civil Procedure 16(b)(2), but finds good cause to defer entry of a case schedule pending its ruling on the pending motions.

Dated this 19th day of September, 2025.

Kymberly K. Evanson
United States District Judge