UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXANDER FLOYD,<br><br>                   Plaintiff(s),<br>    v.<br><br>PHOTON INFOTECH INC., et al.,<br><br>                   Defendant(s). | CASE NO. C24-01372-KKE<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS |

      Plaintiff Alexander Floyd filed this putative class action in King County Superior Court alleging that Defendant Photon Infotech Inc. ("Photon") violated Washington's Equal Pay and Opportunity Act ("EPOA") by failing to disclose certain pay information in a job posting. *See* Wash. Rev. Code § 49.58.110; Dkt. No. 1-1. Photon removed the case to this Court (Dkt. No. 1) and now moves to dismiss the complaint (Dkt. No. 12). Meanwhile, Floyd moves to remand the case back to state court. Dkt. No. 14.

      This Court must remand a removed case to state court if the plaintiff lacks standing to bring a federal suit under Article III of the United States Constitution. Article III standing requires, among other things, a concrete injury-in-fact. Although he applied for a position, Floyd never alleges he was genuinely interested in gaining employment with Photon. Accordingly, he fails to plead a cognizable injury resulting from Photon's alleged violation of the pay disclosure

requirement. The Court will therefore grant Floyd's motion to remand and deny Photon's motion to dismiss as moot.

## I.   BACKGROUND

Floyd alleges that on September 27, 2023, he applied to Photon for an "AZURE Devops Engineer" position that he found through a job posting on LinkedIn. Dkt. No. 1-2 ¶¶ 25, 30; *id.* at 15. According to his complaint, the job posting "did not disclose the wage scale or salary range being offered[,]" causing him "to complete the entire application without learning the rate of pay." *Id.* ¶¶ 27, 29. Floyd further alleges that Photon's failure to post wage or salary information "negatively impacts [his] current and lifetime wages," adversely affects his "ability to negotiate pay," and resulted in "lost valuable time[.]" *Id.* ¶¶ 32–34.

Floyd filed this lawsuit in King County Superior Court claiming Photon violated a provision of the EPOA that became effective January 1, 2023, requiring employers to disclose certain pay information in job postings. Dkt. No. 1-2; Wash. Rev. Code § 49.58.110. In particular, the provision requires employers "with 15 or more employees" to disclose the "wage scale or salary range" and a "general description" of other compensation and benefits in each posting for an available position. Wash. Rev. Code § 49.58.110(1)(a), (3). The statute provides a private right of action authorizing any "job applicant" or "employee" to sue an employer for violating the pay disclosure requirement. *Id.* § 49.58.110(5).

In this suit, Floyd seeks to represent a class of individuals who responded to job postings lacking the same information for Photon positions in Washington. Dkt. No. 1-2 ¶ 21. Photon removed the case to this Court based on diversity jurisdiction and the Class Action Fairness Act. Dkt. No. 1 (citing 28 U.S.C. § 1332(a), (d)). Photon then moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing Floyd failed to allege facts showing he was a "bona fide" or "good faith" applicant for employment. Dkt. No. 12 at 1–2. Floyd responded (Dkt.

No. 15) and moved to remand the case back to state court, arguing that the Court lacks jurisdiction because, among other reasons, Floyd lacks Article III standing (Dkt. No. 14).

On October 11, 2024, amid briefing on these motions, the Washington State Supreme Court accepted review of a certified question concerning the EPOA from Judge John H. Chun of this Court. *Branson v. Wash. Fine Wines & Spirits, LLC*, 557 P.3d 253 (Wash. 2024). The certified question asked: "What must a Plaintiff prove to be deemed a 'job applicant' within the meaning of RCW 49.58.110(4)? For example, must they prove that they are a 'bona fide' applicant?" *Branson v. Wash. Fine Wines & Spirits, LLC*, 2:24-CV-00589-JHC, 2024 WL 4510680, at *1 (W.D. Wash. Aug. 20, 2024). Finding the certified question relevant to the pending motions in this case, this Court stayed the case until the Supreme Court issued its opinion in *Branson*. Dkt. No. 27.

On September 4, 2025, the Washington Supreme Court answered the certified question as follows:

> A job applicant need not prove they are a "bona fide" applicant to be deemed a "job applicant." Rather, in accordance with the plain language of RCW 49.58.110(4), a person must apply to any solicitation intended to recruit job applicants for a specific available position to be considered a "job applicant," regardless of the person's subjective intent in applying for the specific position.

*Branson v. Wash. Fine Wine & Spirits, LLC*, 574 P.3d 1031, 1040 (Wash. 2025). As requested by the parties, this Court lifted the stay and reinstated Photon's motion to dismiss and Floyd's motion to remand. Dkt. No. 31. Neither party has requested oral argument. And both motions are now ripe for consideration.

## II.   ANALYSIS

**A.   Legal Standard for Remand**

A party may remove a state court action to federal district court only if the action could have originally been filed in federal court. *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS - 3

F.4th 1076, 1091 (9th Cir. 2025); 28 U.S.C. § 1441(a). If the district court determines, after removal, it lacks subject matter jurisdiction, it must remand the case back to state court. 28 U.S.C. § 1447(c). The Ninth Circuit has a "strong presumption" against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir.1990)). Thus, "'the defendant always has the burden of establishing that removal is proper,' and ... the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus*, 980 F.2d at 566). If the plaintiff in a removed case lacks Article III standing, the court must remand the action rather than dismiss it. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

**B.     Floyd Lacks Article III Standing**

In something of a role reversal from the typical case, Floyd argues he lacks Article III standing while Photon defends his standing to sue. In "every federal case[,]" standing is a "threshold question" that "determin[es] the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In class actions, the standing analysis focuses on the individual class representatives. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class."). Standing requirements "can neither be waived by the parties nor ignored by the court[.]" *Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 932 n.17 (9th Cir. 2011). When standing is in dispute, "[t]he burden of showing that there is standing rests on the shoulders of the party asserting it." *Smelt v. Cnty. of Orange*, 447 F.3d 673, 682 (9th Cir. 2006) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

To establish standing, the plaintiff must have an injury-in-fact that is concrete, particularized, actual or imminent, fairly traceable to the challenged action of the defendant, and

likely to be redressed by a favorable decision. *Cal. Sea Urchin Comm'n v. Bean*, 883 F.3d 1173, 1180 (9th Cir. 2018), *as amended* (Apr. 18, 2018) (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). Importantly, "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016).

Here, Floyd's suit is based on the alleged violation of his rights under the EPOA. When standing is based on statutory rights, "a bare procedural violation, divorced from any concrete harm" does not "satisfy the injury-in-fact requirement of Article III." *Id.* Statutes may elevate intangible harms to the status of a concrete injury if the statutory violation presents a "risk of real harm" or "has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts[.]" *Id.* at 340–41. Still, a "procedural violation of an informational entitlement" like the EPOA will not "suffice to keep a claim in federal court" unless the plaintiff "allege[s] at least that the information had some relevance to *her*." *Magadia v. Wal-Mart Associates, Inc.*, 999 F.3d 668, 679 (9th Cir. 2021) (emphasis in original) (quoting *Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 493 (6th Cir. 2019)). To determine if a statutory violation creates a concrete injury-in-fact, the Ninth Circuit in *Magadia* instructed courts to consider (1) "whether the statutory provisions at issue were established to protect ... concrete interests (as opposed to purely procedural rights)" and (2) "whether the specific procedural violations alleged in th[e] case actually harm, or present a material risk of harm to, such interests." *Id.* As detailed below, the Court concludes that Floyd's complaint fails this test.

Beginning with *Magadia*'s first step, several courts in this district have held that Washington's legislature enacted the EPOA's pay disclosure requirement "to protect concrete, non-procedural rights for job applicants and employees." *Hill v. ACV Auctions Inc.* ("*Hill I*"), No. C25-616 MJP, 2025 WL 1582249, at *3 (W.D. Wash. June 4, 2025); *see also Partridge v.*

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS - 5

*Heartland Express Inc. of Iowa*, No. 3:24-CV-05486-DGE, 2024 WL 4164245, at *3 (W.D. Wash. Sept. 12, 2024) ("[EPOA] protects job applicants' concrete interest in receiving 'sufficient information to ensure fair and equitable pay negotiations.'") (quoting *Spencer v. Vera Whole Health, Inc.*, No. C24-337 MJP, 2024 WL 3276578, at *3 (W.D. Wash. July 2, 2024)). This Court agrees. By arming job applicants with wage and salary information early in the application process, the EPOA's disclosure requirement protects applicants' interest in negotiating fair pay and "avoid[ing] wast[ed] time interviewing for positions whose pay would never be adequate." *Hill I*, 2025 WL 1582249, at *3.

Floyd's standing, however, falters at *Magadia*'s second step. While the EPOA generally protects concrete interests of job applicants, Floyd's complaint fails to allege any basis for concluding that Photon's nondisclosure caused actual or material risk of harm to *him*. As numerous courts in this district have held, unless the plaintiff was "a bona fide applicant" for employment, an EPOA violation involving "a job posting with no compensation information included" does not "by itself … manifest concrete injury[.]" *Hill v. Les Schwab Tire Ctrs. of Wash. LLC* ("*Hill II*"), No. 24-CV-425-BJR, 2025 WL 3062646, at *4 (W.D. Wash. Oct. 31, 2025) (citing cases); *see also, e.g.*, *Eggleston v. Bruckner Truck Sales Inc.*, No. C25-1467JLR, 2025 WL 3153503, at *3 (W.D. Wash. Nov. 12, 2025) ("Absent a showing of bona fide intent or good faith, Mr. Eggleston cannot show an injury-in-fact."). This makes sense because failing to disclose pay information cannot impact pay negotiations, time spent interviewing, or compensation for a job the plaintiff never actually intended to pursue. Thus, "a nominal applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof." *Hill II*, 2025 WL 3062646, at *4. And while *Branson* held that such applicants are "job applicants" under the statute, it did not purport to address whether an EPOA violation harms their concrete interests for Article III standing purposes. 574 P.3d at 1040.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS - 6

As the parties agree, Floyd was not a "bona fide" applicant for employment with Photon. Dkt. No. 12 at 1–2; Dkt. No. 14 at 3. Indeed, in its motion to dismiss, Photon concedes that Floyd "alleges no facts at all indicating what his intent was." Dkt. No. 12 at 2. Nevertheless, to support jurisdiction, it points to Floyd's allegations that the nondisclosure of pay information "negatively impact[ed] [his] current and lifetime wages," adversely affected his "ability to negotiate pay," and "direct[ly]" resulted in "economic and non-economic harm[.]" Dkt. No. 18 at 2 (quoting Dkt. No. 1-2 ¶¶ 32, 33, 35). But absent a genuine interest in the position, such conclusory allegations do not establish that the nondisclosure "placed [Floyd] at a disadvantage relative to other applicants" or "resulted in him having to exit a lengthy interview process after learning the pay was insufficient for his needs." *Partridge*, 2024 WL 4164245, at *4; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) (holding that conclusory allegations are insufficient to confer standing). Photon never offered him an interview, much less a job, so Floyd was never in a position to negotiate pay or participate in futile interviews. Courts have found identical allegations in other complaints insufficient to establish standing.[1] *See Hill I*, 2025 WL 1582249, at *3 (holding same allegations "fail[ed] to show any actual harm against which the EPOA intends to protect"); *Eggleston*, No. C25-1467JLR, 2025 WL 3153503, at *2–3 (rejecting standing based on same allegations in the complaint at Dkt. No. 1-1 ¶¶ 30, 31, 34).

Floyd also alleges he "lost valuable time" applying to the position. Dkt. No. 1-2 ¶ 34. But to the extent he was not a bona fide applicant, such harm is self-inflicted and, in any event, "not an injury that the EPOA seeks to prevent or redress." *Hill I*, 2025 WL 1582249, at *3; *Floyd*, 2024

---

[1] To that end, Floyd has filed other similarly pleaded EPOA cases that were removed from state court and then remanded for lack of Article III standing on the same basis. *See Floyd v. Insight Glob. LLC*, No. 23-CV-1680-BJR, 2024 WL 2133370 (W.D. Wash. May 10, 2024), *amended on reconsideration*, No. 23-CV-1680-BJR, 2024 WL 3199858 (W.D. Wash. June 26, 2024); *Floyd v. DoorDash, Inc.*, No. 23-CV-1740-BJR, 2024 WL 2325128 (W.D. Wash. May 22, 2024). While Photon cites one of these cases in its opposition brief (Dkt. No. 18 at 2–3), its attempt to distinguish this case based on conclusory allegations of harm in Floyd's complaint is unpersuasive.

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS - 7

WL 2133370, at *7 n.8 ("The Court notes that any time wasted in applying for a job without good faith is actually a self-inflicted harm."). "A generalized assertion of time lost, therefore, does not support Article III standing." *Partridge*, 2024 WL 4164245, at *4. Because Floyd does not allege he was a bona fide applicant for employment with Photon, he lacks Article III standing.

Nothing in the Washington Supreme Court's decision in *Branson* changes this Court's standing analysis. *Branson* answered the question of what a plaintiff must prove to show they are a "job applicant," and thus authorized to sue, under the EPOA. 574 P.3d at 1033–34. Whether Floyd is a "job applicant" or not, his suit cannot proceed in federal court without an Article III injury. *See Spokeo*, 578 F.3d at 341 ("[A] plaintiff [does not] automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."). Floyd alleges no such injury. Because his lack of Article III standing eliminates this Court's subject matter jurisdiction, *see Warth*, 422 U.S. at 498, the Court must remand this case to King County Superior Court. 28 U.S.C. § 1447(c).

### III.  CONCLUSION

Accordingly, the Court GRANTS Floyd's Motion to Remand (Dkt. No. 14) and DENIES Photon's Motion to Dismiss as moot (Dkt. No. 12). This case is remanded to King County Superior Court.

Dated this 1st day of December, 2025.

Kymberly K. Evanson
United States District Judge